**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND**

| | |
|---|---|
| IN RE: | |
| **APPALACHIAN FUELS, LLC** | **CASE NO. 09-10343** |
| **DEBTOR** | |
| **THE LIQUIDATING TRUSTEE OF APP FUELS CREDITORS TRUST** | **PLAINTIFF** |
| v. | **ADV. NO. 11-1041** |
| **ENERGY COAL RESOURCES,** *et al.* | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER
DENYING
MOTION TO DISMISS [DOC. 58] FILED BY JET SUPPORT SERVICES INC.**

This matter is before the Court on a Motion to Dismiss [Doc. 58] filed by Defendant Jett Support Services, Inc. ("JSSI"). JSSI argues that the Plaintiff's allegations against JSSI of actual and constructive fraud pursuant to federal and state law in its Amended Complaint [Doc. 20] should be dismissed for the failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), incorporated in this proceeding by Fed. R. Bankr. P. 7012. For the reasons set forth below, the Court finds that there are sufficient factual allegations, when accepted as true, to state a claim for relief that is plausible on its face and the Motion to Dismiss shall be denied.

**Facts**

On June 11, 2009, an involuntary bankruptcy was commenced against Debtor Appalachian Fuels, LLC (the "Debtor"). Thereafter, certain of Debtor's affiliates filed Chapter 11 petitions. On June 29, 2009, an Order for Relief was entered against Debtor under Chapter 7 of the Bankruptcy Code. On July 2, 2009, this Court converted

Debtor's Chapter 7 case to a case under Chapter 11. On July 14, 2009, the Court appointed the Official Committee of Unsecured Creditors. On July 17, 2009, the Court ordered that Debtor's Chapter 11 case be jointly administered with the bankruptcy cases of the affiliate entities.

On December 19, 2011, the Court entered an Agreed Order of Confirmation of Debtors' and Committees' Plan of Orderly Liquidation and Distribution. Pursuant to the terms of the Plan, on the January 3, 2012, effective date, the Official Committee of Unsecured Creditors was dissolved and the App Fuels Creditors Trust was established. A Liquidating Trustee was appointed to continue pursuit of causes of action on behalf of Debtor. On January 23, 2012, the Liquidating Trustee of App Fuels Creditors Trust was substituted as the party-plaintiff in this adversary proceeding. [Doc. 160].

On June 22, 2011, the Complaint was filed commencing this adversary proceeding. On August 19, 2011, the First Amended Complaint was filed (the "Amended Complaint"). [Doc. 20]. The 164-page Amended Complaint asserts 107 separately denominated causes of action against thirty-seven captioned defendants.

The claims asserted against JSSI are based on allegations that Debtor made actual and/or constructively fraudulent transfers to JSSI. Plaintiff seeks to avoid any such transfers under the Bankruptcy Code's fraudulent transfer provisions, 11 U.S.C. § 548(a)(1)(A) and/or (B) (Claim Nos. 88-89), and by invoking § 544(b) to avoid any such transfers under Kentucky's fraudulent transfer statutes, K.R.S. § 378.010 and § 378.020 (Claim Nos. 90-91). Finally, Plaintiff seeks to recover the value of any avoided transfers under § 550 (Claim No. 92). Claim Nos. 88-92 are referred to herein as the "JSSI Claims."

On October 31, 2011, JSSI filed the Motion to Dismiss [Doc. 58]. Following the filing of several motions to withdraw the reference, the matter was continued [Doc. 95]. The parties briefed JSSI's Motion to Dismiss [Docs. 152 and 161], but before the matter

2

was heard, the Court struck the hearing on JSSI's Motion to Dismiss and stayed the proceeding pending resolution of the withdrawal motions [Doc. 172]. Following the District Court's denial of the motions to withdraw the reference on April 18, 2012, the Court entered an order deeming the pending motions to dismiss submitted for ruling on June 1, 2012, unless a party or parties requested oral arguments [Doc. 182]. JSSI and the Committee jointly requested oral argument [Doc. 185][1] and the Court heard such argument on June 8, 2012. The matter was deemed submitted after the hearing and is now ripe for determination.

## Analysis

JSSI seeks dismissal of the JSSI Claims pursuant to Fed. R. Civ. P. 12(b). JSSI argues that Plaintiff has "pled itself out of court" by pleading facts that prove a defense that preclude the JSSI claims.

For a complaint to survive a motion to dismiss, the complaint must have enough factual matter to "raise the right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007). While "detailed factual allegations" are not necessary, "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Furthermore, while a court reviewing a complaint should accept well-pled factual allegations as true, it is not "bound to accept as true legal conclusions couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949-50 (quoting *Twombly*, 127 S. Ct. at 1965).

JSSI argues that the JSSI Claims should be dismissed because Plaintiff admits that Debtor received a "material benefit" and thus reasonably equivalent value in exchange for its payments to JSSI. This argument is not persuasive.

---

[1] JSSI and Plaintiff also stipulated in their request for oral argument that the District Court's Memorandum Opinion addressing the motions to withdraw the reference found the Court does have jurisdiction over the claims alleged against JSSI and JSSI has a Seventh Amendment right to a jury trial on the claims made against it by Plaintiff, thereby resolving one of the arguments raised in JSSI's Motion to Dismiss.

3

Plaintiff alleges that the "Insiders" (as defined in the Amended Complaint) caused Debtor to make over $400,000.00 in maintenance payments on a Gulfstream jet to JSSI despite (i) Debtor having no ownership interest, and (ii) Addington Aviation, owned by Insider Larry Addington, having the responsibility to make the financing payments on the Gulfstream directly.  Plaintiff further alleges that despite making the maintenance payments, the Gulfstream was used by the Insiders for personal travel rather than for a legitimate business purpose for Debtor.  Based on these facts, Plaintiff alleges it is entitled to recover these maintenance payments as actual and constructively fraudulent transfers.

Taking these factual allegations as true, there are sufficient facts to show certain badges of fraud from which the Court may infer an actual fraudulent intent.  Badges of fraud under Kentucky law that support a finding of actual intent include: (1) inadequacy of consideration; (2) secret or hurried transactions not in the usual mode of doing business; (3) the use of dummy or fictitious parties; (4) reservation of benefits by the transferor; (5) control or dominion of property by the debtor; (6) transfers between persons who are related or occupy a confidential relationship; (7) transfers which contain false statements and recitals as consideration; and (8) a transfer by a debtor in anticipation of suit against him or after suit has begun or is pending against him.  *See, e.g., In re Montalvo*, 333 B.R. 145, 148-49 (Bankr. W.D. Ky. 2005).

Plaintiff's allegation that the jet was used by Insiders for personal use rather than for Debtor's legitimate business purposes, when taken as true, is sufficient to satisfy the pleading standards necessary to withstand a motion to dismiss.  Moreover, there are sufficient factual allegations that could establish, beyond a speculative level, certain of these badges of fraud and, thus, give rise to right of relief for actual fraud.

Furthermore, JSSI incorporates by reference the arguments made by co-defendant Business Aircraft Leasing, Inc. in support of its Motion to Dismiss [Doc. 61].

For the reasons set forth in the Court's Memorandum Opinion and Order denying Business Aircraft Leasing, Inc.'s Motion to Dismiss, the Court rejects the same here.

### Conclusion

For the foregoing reasons, the Motion to Dismiss filed by Jett Support Service, Inc. is DENIED.

Copies To:
Benjamin Garry, Esq.
Reda M. Hicks, Esq.
Matthew D. Ellison, Esq.
All parties receiving ECF notification

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Friday, September 14, 2012**
**(jms)**