**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND**

IN RE:

**APPALACHIAN FUELS, LLC**                                                    **CASE NO. 09-10343**

**DEBTOR**

**THE LIQUIDATING TRUSTEE OF**                                                **PLAINTIFF**
**APP FUELS CREDITORS TRUST**

**v.**                                                                        **ADV. NO. 11-1041**

**ENERGY COAL RESOURCES, INC.**, *et al.*                                     **DEFENDANTS**

---

**MEMORANDUM OPINION AND ORDER
DENYING
MOTION TO DISMISS [DOC. 61] FILED BY BUSINESS AIRCRAFT LEASING**

---

This matter is before the Court on a Motion to Dismiss [Doc. 61] filed by Defendant Business Aircraft Leasing, Inc. ("BAL"). BAL argues that Plaintiff's allegations against BAL of actual and constructive fraud pursuant to federal and state law in the Amended Complaint [Doc. 20] should be dismissed for the failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), incorporated in this proceeding by Fed. R. Bankr. P. 7012. For the reasons set forth below, the Court finds that there are sufficient factual allegations, when accepted as true, to state a claim for relief for actual and constructive fraud that is plausible on its face and the Motion to Dismiss shall be denied.

**Facts**

On June 11, 2009, an involuntary bankruptcy was commenced against Debtor Appalachian Fuels, LLC (the "Debtor"). Thereafter, certain of Debtor's affiliates filed Chapter 11 petitions. On June 29, 2009, an Order for Relief was entered against Debtor under Chapter 7 of the Bankruptcy Code. On July 2, 2009, this Court converted

Debtor's Chapter 7 case to a case under Chapter 11.  On July 14, 2009, the Court appointed the Official Committee of Unsecured Creditors.  On July 17, 2009, the Court ordered that Debtor's Chapter 11 case be jointly administered with the bankruptcy cases of the affiliate entities.

On December 19, 2011, the Court entered an Agreed Order of Confirmation of Debtors' and Committees' Plan of Orderly Liquidation and Distribution.  Pursuant to the terms of the Plan, on the January 3, 2012, effective date, the Official Committee of Unsecured Creditors was dissolved and the App Fuels Creditors Trust was established.  A Liquidating Trustee was appointed to continue pursuit of causes of action on behalf of Debtor.   On January 23, 2012, the Liquidating Trustee of App Fuels Creditors Trust was substituted as the party-plaintiff in this adversary proceeding.  [Doc. 160].

On June 22, 2011, the Complaint was filed commencing this adversary proceeding.  On August 19, 2011, the First Amended Complaint was filed (the "Amended Complaint").  [Doc. 20].  The 164-page Amended Complaint asserts 107 separately denominated causes of action against thirty-seven captioned defendants.

The claims asserted against BAL are based on allegations that Debtor made actual and/or constructively fraudulent transfers to BAL.  Plaintiff seeks to avoid any such transfers under the Bankruptcy Code's fraudulent transfer provisions, 11 U.S.C. § 548(a)(1)(A) and/or (B) (Claim Nos. 83-84), and by invoking § 544(b) to avoid any such transfers under Kentucky's fraudulent transfer statutes, K.R.S. § 378.010 and § 378.020 (Claim Nos. 85-86).  Finally, Plaintiff seeks to recover the value of any avoided transfers under 11 U.S.C. § 550 (Claim No. 87).  Claim Nos. 83-87 are referred to herein as the "BAL Claims."

On October 31, 2011, BAL filed the Motion to Dismiss [Doc. 61].  Following the filing of several motions to withdraw the reference, the matter was continued [Doc. 95].  The parties briefed the BAL Motion to Dismiss [Docs. 151 and 163], but before the

2

matter was heard, the Court struck the hearing on the Motion to Dismiss, as well as the hearings of other similar motions, and stayed the proceeding pending resolution of the withdrawal motions [Doc. 172]. Following the District Court's denial of the motions to withdraw the reference on April 18, 2012, the Court entered an order deeming the pending motions to dismiss submitted for ruling on June 1, 2012, unless a party or parties requested oral arguments [Doc. 182]. BAL and Plaintiff jointly requested oral argument on the BAL Motion to Dismiss [Doc. 186] and the Court heard such argument on June 8, 2012. The matter was deemed submitted after the hearing and is now ripe for determination.

## Analysis

BAL seeks dismissal of the BAL Claims pursuant to Fed. R. Civ. P. 12. BAL argues that the allegations in the Amended Complaint fail to satisfy the requirements of Fed. R. Civ. P. 8 incorporated in this proceeding by Fed. R. Bankr. P. 7008, *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). According to BAL, the Amended Complaint alleges insufficient factual allegations to support a recovery for constructive fraud. BAL also argues that the allegations fail to satisfy the requirements of Fed. R. Civ. P. 9 incorporated in this proceeding by Fed. R. Bankr. P. 7009, and requiring a heightened pleading standard for allegations of actual fraud.

For a complaint to survive a motion to dismiss, the complaint must have enough factual matter to "raise the right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. While "detailed factual allegations" are not necessary, "a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 129 S.Ct. at 1949. Furthermore, while a court reviewing a complaint should accept well-pled factual allegations as true, it is not "bound to accept as true legal conclusions couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 127 S. Ct. at 1965).

For allegations of fraud, Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

BAL argues that the BAL Claims should be dismissed because: (i) the Amended Complaint fails to satisfy applicable pleading standards regarding "actual" fraudulent conveyance claims where Plaintiff fails to allege facts to support any "badges of fraud," and (ii) Plaintiff fails to allege facts sufficient to utilize the state law avoidance claims because it does not allege a "triggering creditor" under § 544(b). Neither argument is persuasive.

Plaintiff alleges in the Amended Complaint that Addington Aviation, owned by Larry Addington, the key "Insider" (as defined in the Amended Complaint), originally leased a Hawker aircraft from CIT Group Equipment Financing, Inc. ("CIT") on a two-year lease beginning January 14, 2005 (the "Addington Lease"). On December 12, 2005, CIT sold the aircraft and the Addington Lease to BAL. Although the Addington Lease expired in 2007, it was extended by Addington Aviation through 2010 with Larry Addington acting as the personal guarantor. Plaintiff alleges that although Debtor was neither the owner nor lessor of the aircraft, it paid the Addington Lease payments. According to the allegations, the aircraft was not used for Debtor's business but for the "Insiders'" personal use, such as traveling to Mr. Addington's island in Belize. A list of the Addington Lease payments, or transfers at issue, is attached as an exhibit to the Amended Complaint.

Taking these factual allegations as true, Plaintiff has alleged facts sufficient to show certain badges of fraud from which the Court may infer an actual fraudulent intent. Badges of fraud under Kentucky law that support a finding of actual intent include: (1) inadequacy of consideration; (2) secret or hurried transactions not in the usual mode of doing business; (3) the use of dummy or fictitious parties; (4) reservation of benefits by

4

the transferor; (5) control or dominion of property by the debtor; (6) transfers between persons who are related or occupy a confidential relationship; (7) transfers which contain false statements and recitals as consideration; and (8) a transfer by a debtor in anticipation of suit against him or after suit has begun or is pending against him. *See, e.g., In re Montalvo*, 333 B.R. 145, 148-49 (Bankr. W.D. Ky. 2005). When taking the factual allegations as true, there are sufficient factual allegations that could establish, beyond a speculative level, certain of these badges of fraud and, thus, give rise to right of relief for actual fraud. Plaintiff has satisfied the requirements of Rule 9(b).

Moreover, BAL's argument that the Amended Complaint fails to sufficiently allege or name the existence of a creditor holding an unsecured claim allowable under § 502 also must fail. Section 544(b)(1) allows Plaintiff to stand in the shoes of an existing unsecured creditor and bring state law fraudulent conveyance and other similar actions that such a creditor could bring. While an unsecured creditor with an allowable claim under § 502 must exist at the time of the transfers for Plaintiff to prevail, the unsecured creditor "need not exist at the time the action is filed" nor must Plaintiff "identify a specific creditor by name." 5 COLLIER ON BANKRUPTCY, § 544.06[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). "So long as [Plaintiff] pleads the existence of a creditor who could have avoided the transfer," then this element has been sufficiently pled. *Id.* Plaintiff has alleged the existence of such an unsecured creditor to support its similar § 544(b) claims against other creditors and has included paragraphs in the Amended Complaint that state prior allegations are incorporated by reference. The Court finds this sufficient.

## Conclusion

For the foregoing reasons, the Motion to Dismiss filed by Defendant Business Aircraft Leasing, Inc. is DENIED.

5

Copies To:
Benjamin Garry, Esq.
Reda M. Hicks, Esq.
Brian Meldrum, Esq.
All parties receiving ECF notification

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Friday, September 14, 2012
(jms)**