**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND**

| | |
|---|---|
| IN RE: | |
| **APPALACHIAN FUELS, LLC** | **CASE NO. 09-10343** |
| **DEBTOR** | |
| **THE LIQUIDATING TRUSTEE OF APP FUELS CREDITORS TRUST** | **PLAINTIFF** |
| v. | **ADV. NO. 11-1041** |
| **ENERGY COAL RESOURCES, INC.,** *et al.* | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS [DOC. 64] FILED BY MACHINERY SALES AND SERVICE,
JOHN C. SMITH JR. AND JEFFREY L. MUNCY
AND
GRANTING MOTION FOR MORE DEFINITE STATEMENT**

This matter is before the Court on a Motion to Dismiss and Motion for More Definite Statement [Doc. 64] filed by Defendants Machinery Sales and Service LLC, John C. Smith Jr., and Jeffrey Muncy, collectively referred to as the MSS Defendants. The MSS Defendants argue that Plaintiff's allegations against the MSS Defendants should be dismissed for the failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, incorporated in this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.  The MSS Defendants further argue that several of the claims asserted against the MSS Defendants in the Amended Complaint [Doc. 20] are either not recognized under Kentucky law, are time-barred as a matter of law, or should be dismissed for the failure to plead such claims with particularity as required by the Federal Rules of Civil Procedure.

In support of the alternative relief sought in the Motion for More Definite Statement, the MSS Defendants argue that Plaintiff "lumped numerous Defendants into the general category of 'Insiders'" without providing any distinction as to which tortious acts were committed by each defendant.  In further support, the MSS Defendants state that Plaintiff's use of the terms "Insiders" and "Defendants" interchangeably is inconsistent with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, incorporated in this proceeding by Rule 7008 of the Federal Rules of Bankruptcy Procedure.

For the reasons set forth below, the Court finds that there are sufficient factual allegations, when accepted as true, to place the MSS Defendants on notice of the misconduct for which they are charged and the Motion to Dismiss shall be denied to the extent the alleged claims are sufficiently plead and not barred by the applicable statute of limitations.  Further, the Motion for More Definite Statement is granted as provided in this order.

**Facts**

On June 11, 2009, an involuntary bankruptcy was commenced against Debtor Appalachian Fuels, LLC.  Thereafter, certain of Debtor's affiliates filed Chapter 11 petitions.  On June 29, 2009, an Order for Relief was entered against Debtor under Chapter 7 of the Bankruptcy Code.  On July 2, 2009, this Court converted Debtor's Chapter 7 case to a case under Chapter 11.  On July 14, 2009, the Court appointed the Official Committee of Unsecured Creditors.  On July 17, 2009, the Court ordered that Debtor's Chapter 11 case be jointly administered with the bankruptcy cases of the affiliate entities.

On December 19, 2011, the Court entered an Agreed Order of Confirmation of Debtors' and Committees' Plan of Orderly Liquidation and Distribution.  Pursuant to the terms of the Plan, on the January 3, 2012, effective date, the Official Committee of

Unsecured Creditors was dissolved and the App Fuels Creditors Trust was established. A Liquidating Trustee was appointed to continue pursuit of causes of action on behalf of Debtor. On January 23, 2012, the Liquidating Trustee of App Fuels Creditors Trust was substituted as the party-plaintiff in this adversary proceeding. [Doc. 160].

On June 22, 2011, a complaint was filed commencing this adversary proceeding. On August 19, 2011, the First Amended Complaint was filed (the "Amended Complaint"). [Doc. 20]. The 164-page Amended Complaint asserts 107 separately denominated causes of action against thirty-seven captioned defendants.

The claims asserted against the MSS Defendants are based on allegations that Debtor suffered damage from the tortious acts of the MSS Defendants and by fraudulently transferring assets to the MSS Defendants. Plaintiff seeks damages for claims of breach of fiduciary duty and corporate waste against John Smith (Claim Nos. 1 and 7), and claims of aiding and abetting breach of fiduciary duty and corporate waste, unjust enrichment and civil conspiracy against the MSS Defendants (Claim Nos. 3, 6, 9 and 12). Plaintiff seeks to avoid transfers made by Debtor under the Bankruptcy Code's fraudulent transfer provisions, 11 U.S.C. § 548(a)(1)(A) and/or (B) (Claim Nos. 14-15, 27-28, 78-79), and by invoking § 544(b) to avoid any such transfers under Kentucky's fraudulent transfer statutes, K.R.S. § 378.010 and § 378.020 (Claim Nos. 16-17, 29-30, 80-81). Plaintiff seeks to avoid transfers made by Debtor under the Bankruptcy Code's preferential transfer provision, 11 U.S.C. § 547 (Claim No. 98). Finally, Plaintiff seeks to recover the value of any avoided transfers under 11 U.S.C. § 550 (Claim Nos. 18, 31-32, 47, 82, 98, 105-106). The claims identified in this paragraph are referred to as the "MSS Claims."

On October 31, 2011, the MSS Defendants filed the Motion to Dismiss. [Doc. 64]. Following the filing of several motions to withdraw the reference, the matter was continued. [Doc. 95]. The parties briefed the MSS Defendants' Motion to Dismiss

[Docs. 153 and 167], but before the matter was heard, the Court struck the hearing on the Motion to Dismiss, as well as the hearings of other similar motions, and stayed the proceeding pending resolution of the withdrawal motions. [Doc. 172]. Following the District Court's denial of the motions to withdraw the reference on April 18, 2012, the Court entered an order deeming the pending motions to dismiss submitted for ruling on June 1, 2012, unless a party or parties requested oral arguments [Doc. 182]. No request for oral arguments was made and the matter is ripe for determination.

## Analysis

The MSS Defendants seek dismissal of or clarification to the MSS Claims based on the grounds that the claims are: (1) time-barred by the applicable statute of limitations, (2) not plead with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, and (3) confusing and unclear compelling Plaintiff to provide a more definite statement. In addition, the MSS Defendants seek the denial of and dismissal of Plaintiff's request for attorneys' fees and costs.

For a complaint to survive a motion to dismiss, the complaint must have enough factual matter to "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). While "detailed factual allegations" are not necessary, "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Furthermore, while a court reviewing a complaint should accept well-pled factual allegations as true, it is not "bound to accept as true legal conclusions couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 127 S. Ct. at 1965).

<u>Statute of Limitations</u>

The MSS Defendants seek dismissal of the claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, aiding and abetting corporate waste and civil conspiracy because all are barred by the applicable statutes of

4

limitations. In particular, the MSS Defendants rely on K.R.S. § 413.120(7) as barring the breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, and the aiding and abetting corporate waste claims and K.R.S. § 413.140(1)(c) as barring the civil conspiracy claim.

In response, Plaintiff contends the claims are not time-barred by application of § 108 of the Bankruptcy Code, which provides in pertinent part,

> If applicable nonbankruptcy law … fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of (1) the end of such period … or (2) two years after the order for relief.

11 U.S.C. § 108(a).

First, K.R.S. § 413.120(7) directs that actions based on an injury to the rights of a plaintiff that are not based on a contract and not otherwise enumerated must be brought within five years after the cause of action accrues. Because there are no specific limitations statutes governing actions alleging breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, and aiding and abetting corporate waste, this limitations statute governs. *Ingram v. Cates*, 74 S.W.3d 783 (Ky. Ct. App. 2002).

Second, K.R.S. § 413.140(1)(c) directs actions based on conspiracy must be brought within one year after the cause of action accrues. A cause of action for civil conspiracy accrues when the last act in furtherance of the conspiracy occurs. *Bassett v. NCAA*, 2005 WL 3767016, *6 (E.D. Ky. 2005) (citing *District Union Local 227 v. Fleischaker*, 384 S.W.2d 68 (Ky. Ct. App. 1964).

Section 108(a) of the Bankruptcy Code operates to toll the limitations periods fixed by the applicable nonbankruptcy law found in K.R.S. §§ 413.120(7) and 413.140(1)(c). In this proceeding, if the limitations period had not expired prior to the

5

filing of the bankruptcy petition, this tolling gives the debtor or any debtor representative an additional two years after the order for relief to bring a cause of action included in the limitations statutes or until the limitations period expires, whichever is later.

The involuntary petition was filed on June 11, 2009. The order for relief was entered on June 29, 2009. The Complaint commencing this proceeding was timely filed on June 22, 2011, which was within two years after the entry of the order for relief. Therefore, pursuant to 11 U.S.C. § 108(a), Plaintiff may maintain claims asserted in the Amended Complaint based on acts of a defendant if the applicable limitations period had not expired before June 11, 2009, the date the petition was filed.

In support of the claims alleged against Smith, the Amended Complaint contains allegations of actions by John Smith occurring between January 2001 and November 2005, and transfers to Smith occurring between February 3, 2005, and April 2, 2009. In support of the claims alleged against the MSS Defendants, the Amended Complaint contains allegations of actions by the MSS Defendants occurring between January 2001 and August 28, 2009, and transfers to the MSS Defendants occurring between June 29, 2006, and November 5, 2008.

Accordingly, to the extent the claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, and aiding and abetting corporate waste rely on acts of John Smith and/or the MSS Defendants that occurred before June 11, 2004, which is five years before the date the petition was filed, those claims are barred by K.R.S. § 413.120(7). Similarly, to the extent the claim for civil conspiracy relies on acts of the MSS Defendants that occurred before June 11, 2008, which is one year before the date the petition was filed, those claims are barred by K.R.S. § 413.140(1)(c).

Rule 9(b) of the Federal Rules of Civil Procedure

The MSS Defendants seek dismissal of the claims for unjust enrichment and for the avoidance and recovery of the value of fraudulent and preferential transfers because the "gist of Plaintiff's First Amended Complaint is alleged fraudulent conduct of Defendants" and the claims are not plead with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7009 of the Federal Rules of Bankruptcy Procedure. For allegations of fraud, Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." According to the MSS Defendants, Plaintiff has failed to plead with specificity the time, place or content of the fraudulent transfers.

Both parties rely on *In re Fruehauf Trailer Corp.*, 250 B.R. 168 (D. Del. 2000) in support of their respective positions. The *Fruehauf* court stated the purpose of Rule 9(b) with respect to allegations and circumstances of fraud which underlie state law claims is to place defendants on notice of the precise misconduct for which they are charged. *Id.*, 250 B.R. at 198.

Plaintiff alleges in the Amended Complaint that the MSS Defendants, as a part of the group defined as "Insiders," caused Debtor to make regular transfers to John Smith not for valuable consideration. The payments were made with no evidence of work performed, without invoices and without accounts payable entries. Plaintiff further alleges John Smith received monthly payments and other irregular payments from Debtor in excess of the amount provided in Smith's consulting agreement with Debtor. According to the allegations, although Smith was required to make verbal reports to the president of Debtor in exchange for the payments, Smith never made the reports. A list

7

of the payments made to John Smith, or transfers at issue, is attached as an exhibit to the Amended Complaint.

As for the MSS Defendant, Plaintiff alleges that the MSS Defendants, as a part of the group defined as "Insiders," extracted cash from Debtor "for their personal benefit." Pursuant to three leases, the MSS Defendants allegedly leased equipment to Debtor at "well above the prevailing market rate for similar equipment leases" as a method to transfer funds out of Debtor for the MSS Defendants and other Insiders' benefit. Eventually, Debtor purchased most of the leased equipment from MSS. According to the Amended Complaint, at the direction of the MSS Defendants as members of the group "Insiders," some of this same equipment was transferred to Bowie Resources, LLC for no consideration and then resold to MSS for "well below the value the machinery had been appraised for just a year and a half earlier." MSS allegedly took the equipment "with full knowledge that the original transfer of the equipment to Bowie was fraudulent." A list of the payments made to MSS, or transfers at issue, is attached as an exhibit to the Amended Complaint.

The Amended Complaint contains allegations of payments made with the intent to hinder, delay or defraud Debtor's creditors and of the insolvency of Debtor. Taking these factual allegations as true, in conjunction with the above allegations, Plaintiff has alleged facts sufficient to place the MSS Defendants on notice of the misconduct for which they are charged. To the extent required by the Federal Rules, Plaintiff has satisfied the requirements of Rule 9(b).

<u>Attorneys Fees</u>

The MSS Defendants seek dismissal of Plaintiff's request for attorneys' fees contained in Paragraph k. of the Prayer for Relief in the Amended Complaint. Bankruptcy Rule 7008(b) provides, a "request for an award of attorney's fees shall be pleaded as a claim in a complaint." FED. R. BANKR. P. 7008(b). In the Sixth Circuit,

8

claims for attorneys' fees are special damages and must be specifically pleaded under Rule 9(g) of the Federal Rules of Civil Procedure. *American Cas. Co. v. City of Detroit (In re American Cas. Co.)*, 851 F.2d 794, 802 (6th Cir. 1988). Statements made in a prayer at the end of a complaint are inadequate to satisfy the requirements of either Federal Rule 9(g) or Bankruptcy Rule 7008(b). *The Antioch Co. Litig. Trust v. Morgan (In re Antioch Co.)*, 451 B.R. 810 (Bankr. S.D. Ohio 2011). Therefore, dismissal of the request for attorneys' fees is appropriate.

More Definite Statement

As alternative relief, the MSS Defendants move for a more definite statement of the claims in the complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. Relief under Rule 12(e) is appropriate where the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Rule 12(e) is used to address unintelligibility rather than a lack of detail. *In re Regional Diagnostics, LLC*, 372 B.R. 3 (Bankr. N.D. Ohio 2007).

While the Court finds sufficient factual allegations to place the MSS Defendants on notice of the misconduct for which they are charged, the Court agrees that the Amended Complaint is at times confusing and unclear. In addition to the lack of clarity indentified on pages 14 and 15 of the MSS Defendants' Motion for More Definite Statement, the Court notes, as further example of the confusing nature of the Amended Complaint, Plaintiff's inconsistent use of capitalization and the use of undefined terms. Take for instance the use of the phrases "Addington Family Members,"[1] "Addington Family members,"[2] and "Addington family members."[3] Without definition, the Court and presumably the MSS Defendants and others are left to guess if these phrases refer to

---

[1] Amended Complaint ¶ 169.
[2] Amended Complaint ¶ 314.
[3] Amended Complaint ¶¶ 64, 65, 169 and 212.

the same group of individuals or differing groups. For these reasons, the Motion for More Definite Statement is granted for the purposes of clarifying inconsistencies as herein described.

### Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED the Motion to Dismiss filed by Machinery Sales and Service, John C. Smith Jr., and Jeffrey L. Muncy is hereby, GRANTED with respect to the claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, and aiding and abetting corporate waste to the extent the claims rely on acts of the MSS Defendants that occurred before June 11, 2004; GRANTED with respect to the claim for civil conspiracy to the extent the claim relies on acts of the MSS Defendants that occurred before June 11, 2008; GRANTED with respect to the request for attorneys' fees; and DENIED in all other respects.

IT IS FURTHER ORDERED the Motion for More Definite Statement is GRANTED. Plaintiff shall have fourteen days from the date of this order to file an amended complaint in conformity with this order.

Copies To:
Benjamin Garry, Esq.
Reda M. Hicks, Esq.
Shea W. Conley, Esq.
All parties receiving ECF notification

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Friday, September 14, 2012**
**(jms)**