**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND**

IN RE:

APPALACHIAN FUELS, LLC                                       CASE NO. 09-10343

DEBTOR

THE LIQUIDATING TRUSTEE OF                             PLAINTIFF
APP FUELS CREDITORS TRUST

v.                                                                     ADV. NO. 11-1041

ENERGY COAL RESOURCES, INC., *et al.*                   DEFENDANTS

---

**MEMORANDUM OPINION AND ORDER DENYING
PARTIAL MOTION TO DISMISS [DOC. 68] FILED BY FROST BROWN TODD LLC**

---

This matter is before the Court on a Motion to Dismiss [Doc. 68] filed by Defendant Frost Brown Todd LLC. Frost Brown Todd argues that Plaintiff's causes of action asserted in six claims in the Amended Complaint should be dismissed for the failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, incorporated in this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. In support, Frost Brown Todd relies on the affirmative defense of *in pari delicto* as a total bar to Plaintiff's recovery under the state law tort claims alleged in the Amended Complaint.

**Facts**

On June 11, 2009, an involuntary bankruptcy was commenced against Debtor Appalachian Fuels, LLC. Thereafter, certain of Debtor's affiliates filed Chapter 11 petitions. On June 29, 2009, an Order for Relief was entered against Debtor under Chapter 7 of the Bankruptcy Code. On July 2, 2009, this Court converted Debtor's Chapter 7 case to a case under Chapter 11. On July 14, 2009, the Court appointed the

Official Committee of Unsecured Creditors. On July 17, 2009, the Court ordered that Debtor's Chapter 11 case be jointly administered with the bankruptcy cases of the affiliate entities.

On December 19, 2011, the Court entered an Agreed Order of Confirmation of Debtors' and Committees' Plan of Orderly Liquidation and Distribution. Pursuant to the terms of the Plan, on the January 3, 2012, effective date, the Official Committee of Unsecured Creditors was dissolved and the App Fuels Creditors Trust was established. A Liquidating Trustee was appointed to continue pursuit of causes of action on behalf of Debtor. On January 23, 2012, the Liquidating Trustee of App Fuels Creditors Trust was substituted as the party-plaintiff in this proceeding. [Doc. 160].

On June 22, 2011, a complaint was filed commencing this adversary proceeding. On August 19, 2011, the First Amended Complaint was filed and included Frost Brown Todd as a defendant (the "Amended Complaint"). [Doc. 20]. The 164-page Amended Complaint asserts 107 separately denominated causes of action against thirty-seven captioned defendants.

Two types of claims are asserted against Frost Brown Todd: (1) state law tort claims of aiding and abetting breach of fiduciary duty, unjust enrichment, aiding and abetting corporate waste, legal malpractice, breach of fiduciary duty and civil conspiracy (Claim Nos. 3, 6, 9, 10, 11 and 12); and (2) statutory avoidance claims under the Bankruptcy Code's fraudulent transfer provisions, 11 U.S.C. § 548(a)(1)(A) and/or (B) (Claim Nos. 73 and 74), and by invoking § 544(b) to avoid transfers under Kentucky's fraudulent transfer statutes, K.R.S. § 378.010 and § 378.020 (Claim Nos. 75 and 76). Plaintiff also seeks to avoid transfers made by Debtor under the Bankruptcy Code's preferential transfer provision, 11 U.S.C. § 547 (Claim No. 98). Finally, Plaintiff seeks to recover the value of any avoided transfers under 11 U.S.C. § 550 (Claim No. 77). The

claims identified in this paragraph as state law tort claims are referred to hereafter as the "FBT Claims."

On October 31, 2011, Frost Brown Todd filed the Motion to Dismiss the FBT Claims. [Doc. 68]. Following the filing of several motions to withdraw the reference, the matter was continued. [Doc. 95]. The parties briefed the Frost Brown Todd Motion to Dismiss [Docs. 155 and 162], but before the matter was heard, the Court struck the hearing on the Motion to Dismiss, as well as the hearings of other similar motions, and stayed the proceeding pending resolution of the withdrawal motions. [Doc. 172]. Following the District Court's denial of the motions to withdraw the reference on April 18, 2012, the Court entered an order deeming the pending motions to dismiss submitted for ruling on June 1, 2012, unless a party or parties requested oral arguments. [Doc. 182]. A joint request for oral argument was filed on May 18, 2012, and a hearing conducted on June 8, 2012. The matter is now ripe for determination.[1]

**Analysis**

For a complaint to survive a motion to dismiss, the complaint must have enough factual matter to "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). While "detailed factual allegations" are not necessary, "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Furthermore, while a court reviewing a complaint should accept well-pled factual allegations as true, it is not "bound to accept as true legal conclusions couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 127 S. Ct. at 1965).

Frost Brown Todd seeks dismissal of the FBT Claims based on the affirmative defense of *in pari delicto*. An affirmative defense may be considered in the context of a

---

[1] Pursuant to 28 U.S.C. § 157(c)(1), Frost Brown Todd does not consent to entry of final orders or judgment on any claim asserted against Frost Brown Todd.

3

motion to dismiss only if the defense is established on the face of the complaint. *In re Reading Broadcasting, Inc.*, 390 B.R. 532, 560 (Bankr. E.D. Pa. 2008). Application of the *in pari delicto* affirmative defense is a question of state law. *Louisville & N.R. Co. v. Southern Ry. Co.*, 36 S.W.2d 20, 22 (Ky. 1931).

The *in pari delicto* defense "refers to the plaintiff's participation in the same wrongdoing as the defendant." *Bubis v. Blanton*, 885 F.2d 317, 321 n.1 (6th Cir. 1989). In this circuit the defense "may be applied on a motion to dismiss where the complaint 'establishes conclusively' that the defense applies." *In re Nat'l Century Fin. Enterprises, Inc.*, 604 F.Supp.2d 1128, 1142 (S.D. Ohio 2009); *Dublin Securities*, 133 F.3d 377, 380 (6th Cir. 1997) (dismissing complaint upon finding that the complaint conceded the debtors' instrumental role in perpetrating fraud on investors). In order for the defense to arise: (1) plaintiff must bear at least substantially equal responsibility for the wrong the plaintiff seeks to redress, and (2) preclusion of the suit may not significantly interfere with the purposes of the law or harm the public interest. *In re Nat'l Century Fin. Enterprises, Inc.*, 783 F.Supp.2d 1003, 1014 (S.D. Ohio 2011). The facts alleged in the complaint must be "clear enough to permit peremptory resolution of the dispositive issue." *Nat'l Century Fin. Enterprises*, 604 F.Supp.2d at 1142 *quoting Nisselson v. Lernout,* 469 F.3d 143, 154 (1st Cir. 2006) (upholding the dismissal of a complaint on *in pari delicto* grounds).

*In pari delicto* is the only ground for dismissal advanced by Frost Brown Todd in the Motion to Dismiss. Frost Brown Todd states, "Kentucky law imputes to Appalachian Fuels the conduct and knowledge of the alleged wrongdoers who conducted the affairs of that corporate entity, the Amended Complaint's allegations that those wrongdoers 'intentionally defrauded' Appalachian Fuels' creditors 'establish[] conclusively that the debtor[] [was] ***at least*** as culpable as" Frost Brown Todd. Therefore, in order for Frost Brown Todd to prevail on the Motion to Dismiss, the Amended Complaint must

4

sufficiently allege that Debtor participated in the same wrongdoing as Frost Brown Todd. If successful, the *in pari delicto* defense will bar Plaintiff's recovery on the FBT Claims.

In the response, Plaintiff raises the adverse interest exception to application of the *in pari delicto* defense which provides, if the agent was acting adversely to the interests of its principal then the agent's bad acts are not imputed to the principal. If an adverse interest exception is present, the *in pari delicto* defense fails. *Nat'l Century Fin. Enterprises*, 604 F.Supp.2d at 1143. In addition, Plaintiff argues the removal of the alleged wrongdoers who conducted the affairs of Debtor and the presence of an assignee for Debtor while in the state court assignment for benefit of creditors was sufficient to purge Debtor of the taint from the alleged wrongdoers' actions.

In the reply, Frost Brown Todd raises an exception to the exception. The sole actor exception to the adverse interest argument provides, that if the alleged wrongdoers who acted adversely to the principal's interests "so dominated and controlled" the principal that the principal lacked a separate mind, will, or existence of its own, then the wrongful conduct is directly attributed to the principal because the wrongdoer is the sole actor for the principal. *Nat'l Century Fin. Enterprises*, 604 F.Supp.2d at 1143 – 44.

The Amended Complaint contains allegations that the key wrongdoer, Stephen Addington, as the sole manager of Debtor and the president, chief executive officer and director of the board of Defendant Energy Coal Resources, was not the only wrongdoer. The Amended Complaint includes a number of other individual and entities among the list of wrongdoers, all of whom, according to the Amended Complaint acted adversely to the interests of Appalachian Fuels. The Amended Complaint contains allegations there were Independent Directors, as defined in the Amended Complaint, on the Energy Coal Resources board, none of whom were involved directly in the wrongdoing. Plaintiff alleges these directors, through inadvertence or negligence, failed to notice or appreciate the wrongdoing, but did not actively participate.

5

The alleged presence of Independent Directors is sufficient to prevent application of the *in pari delicto* defense at the pleading stage of the litigation. The alleged presence of Independent Directors also prevents application of the sole actor exception.

Finally, Frost Brown Todd is the only defendant against whom the legal malpractice and breach of fiduciary duty claims are alleged. The Court identified no allegations in the Amended Complaint suggesting any other defendant participated in these two causes of action in any way making the *in pari delicto* defense inapplicable.

## Conclusion

When read in the light most favorable to Plaintiff, the Amended Complaint alleges Frost Brown Todd is an insider and co-conspirator with some of the alleged wrongdoers who conducted the affairs of Debtor and Energy Coal Resources; Frost Brown Todd did not disclose unwaivable conflicts; Frost Brown Todd did not disclose the alleged wrongdoers' wrongdoings to the Independent Directors; Frost Brown Todd did not explain the impact of filing an assignment for benefit of creditors action or offer a complete picture of other alternatives. The Amended Complaint does not conclusively establish that Frost Brown Todd is entitled to the *in pari delicto* defense.

The record of this proceeding will greatly benefit by further development of the facts and presentation of evidence. Frost Brown Todd will have an opportunity to offer evidence of entitlement to the *in pari delicto* defense.

"If the court cannot clearly determine the relative fault of the parties based on the allegations of the Complaint, dismissal is not appropriate." *Antioch Litigation Trust v. McDermott Will & Emery LLP*, 738 F.Supp.2d 758, 773 (S.D. Ohio 2010). If the defense applies, it remains viable despite a denial of a motion to dismiss.

For the foregoing reasons, IT IS HEREBY ORDERED the Motion to Dismiss filed by Frost Brown Todd is DENIED.

Copies To:
Benjamin Garry, Esq.
Reda M. Hicks, Esq.
Thomas W. Frentz, Esq.
Robert W. Hamilton, Esq.
All parties receiving ECF notification

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Friday, September 14, 2012
(jms)**