UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

Civil Action No. 13-157-HRW

In Re APPALACHIAN FUELS,                                                 DEBTOR,

THE LIQUIDATING TRUSTEE OF THE
APPALACHIAN FUELS LIQUIDATING TRUST,                    PLAINTIFF,

v.

ENERGY COAL RESOURCES, *et al.*,                               DEFENDANTS.

## MEMORANDUM OPINION AND ORDER

This non-core matter is before the Court upon the Motion for Judgment on the Pleadings filed by Defendants David Jones, Mark Garrett Smith and Gregory Stumbo [Docket No. 1]. The motion was fully briefed by the parties [Docket Nos. 2 and 3]. Pursuant to 28 U.S.C. § 157(c)(1), United States Bankruptcy Judge Thomas H. Fulton considered the motion and has submitted Proposed Findings of Fact and Conclusions of Law to this Court [Docket No. 4]. Additional briefing followed [Docket Nos. 5, 6 and 7]. For the reason set forth herein, the Court will adopt Judge Fulton's findings and conclusions.

### I.

The essential, undisputed facts are as follows. Appalachian Fuels was an indirect wholly-owned subsidiary of Energy Coal Resources, Inc. ("ECR"). ECR had a board of directors, and Appalachian Fuels did not. The ECR board of directors (the "ECR Board") consisted of David Jones, Garrett Smith and Gregory Stumbo - collectively referred to as the "Independent Directors" as well as ECR's President, Stephen Addington, and his brother, Robert Addington. Stephen Addington was also the sole manager of Appalachian Fuels, which was a

manager-managed LLC. The ECR Board considered and voted on multiple transactions that directly impacted Appalachian Fuels.

Plaintiff, the Liquidating Trustee of Appalachian Fuels Creditory Trust, alleges that Certain of these transactions damaged Appalachian Fuels even as they benefitted ECR and its related companies. Plaintiff alleges that, in doing, so, the Independent Directors breached their fiduciary duties to Appalachian Fuels. These alleged breaches occurred while Appalachian Fuels was insolvent.

The sole issue before the Bankruptcy Court, and this Court, is whether individual directors, here the Independent Directors, of a parent entity owe fiduciary duties to an insolvent subsidiary, here Appalachian Fuels. Judge Fulton examined a line of Delaware cases beginning with *In re USACafes, L.P. Litigation*, 600 A.2d 43 (Del. Ch. 1991) which hold that the human controller of an entity that manages another entity owes a fiduciary duty of loyalty to the managed entity, but that the fiduciary duty of loyalty in this context is limited to the duty not to engage in personal self-dealing. Judge Fulton further found, based on the plain allegations set forth in the Plaintiff's Second Amended Complaint, that the Plaintiff had not alleged personal self-dealing but instead alleged only that the Independent Directors had breached a duty of care. Therefore, Judge Fulton recommended that the dispositive motion be sustained and Plaintiff's claims against the Independent Directors be dismissed.

Plaintiff objected to Judge Fulton's findings, arguing that the Independent Directors' liability does not hinge solely upon *USACafes* and cases following it and that Judge Fulton erred by not looking to Kentucky law as a basis for imposing liability upon the Independent Directors.

2

Contrary to Plaintiff's objection, the Bankruptcy Court did not ignore Kentucky common law on fiduciary duties. Instead, it did exactly what the Plaintiff urged in its response – looked to Delaware law as persuasive authority as to how Kentucky would decide this unresolved issue of Kentucky limited liability company law. *See* Plaintiff's Response to Independent Directors' Motion for Summary Judgment, p. 8 ("Moreover, Kentucky Courts have explicitly endorsed looking to the law of Delaware when it comes to matters of corporate law on which Kentucky courts have not expressed an opinion.") (citing *Bacigalupo v. Kohlhepp*, 240 S.W.3d 155, 157 (Ky.App. 2007) and *Allied Ready Mix, Inc. v. Allen*, 994 S.W.2d 4 at *8 (Ky. App. 1998)). The Court then found, correctly, that all the Plaintiff had alleged was that the Independent Directors of ECR, the parent company of Appalachian Fuels, acted negligently and not for their own personal benefit. Considering the Plaintiff explicitly alleged that the Independent Directors had not committed any intentional wrongdoing, and that their actions were the result of "inadvertence and neglect," this is the only fair reading of the Plaintiff's Complaint. Second Amended Complaint ¶ 50.

Plaintiffs now argue to this Court that Kentucky common law provides a basis for the individual liability of the Defendants. However, there is no Kentucky caselaw on point. Instead, Plaintiff cites to caselaw which provides "[a]s a general rule…a [fiduciary] relationship is one founded on trust or confidence reposed by one person in the integrity and fidelity of another and which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 485 (Ky. 1991).

This oft cited passage from *Steelvest* is just that - a **general** rule. Plaintiff suggests that

3

this Court extrapolate this general principle and apply it in a context which both parties agree is an anomaly - when the subsidiary becomes insolvent. This Court is not inclined to do so.

Moreover, *USACafes* and its progeny are on point. *See, In re USACafes, L.P. Litigation*, 600 A.2d 43 (Del. Ch. 1991). *Feeley*, 62 A.3d 649; *Bay Center Apartments Owner, LLC v. Emery Bay PKI, LLC*, C.A. No. 3658-VCS, 2009 WL 1124451 (Del. Ch. April 20, 2009). These cases stand for the proposition that when an entity owes fiduciary duties to some party–such as, for example, an insolvent subsidiary–the individual controllers of the entity fiduciary owe that party a duty of loyalty, but not a duty of care. Plaintiffs claiming that the directors of a fiduciary parent company breached their fiduciary duty toward an insolvent subsidiary must therefore plead that the directors advantaged themselves at the subsidiary's expense. Here, negligence is the only thing alleged in the breach of fiduciary duty claim against the Independent Directors. Following *USACafes*, the claim fails.

Accordingly, **IT IS HEREBY ORDERED** that the Motion for Judgment on the Pleadings filed by Defendants David Jones, Mark Garrett Smith and Gregory Stumbo [Docket No. 1] be **SUSTAINED**.

This 20th day of August, 2014.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge